**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CINDY FARIA,<br>Plaintiff<br><br>v.<br><br>SANFORD J. RESNICK, LTD.,<br>SANFORD J. RESNICK, ESQ.<br>JEFFREY F. CAFFREY, ESQ., and<br>any and all defendants,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.<br>CA 06 285/ML |

**COMPLAINT**

This is a claim for unpaid overtime wages by Plaintiff, Cindy Faria, pursuant to *The Fair Labor Standards Act of 1938, as Amended* (the "FLSA"), 29 U.S.C. § 201 *et seq.*

**The Parties**

1. Plaintiff, Cindy Faria, is a Rhode Island resident with a domicile located at 26 Bunker Street, Warwick, Rhode Island.

2. Defendant, Sanford J. Resnick, Ltd., is a corporation organized under the laws of the State of Rhode Island.

3. Defendant, Sanford J. Resnick, Esq., is a Rhode Island resident with a domicile located at 259 Love Lane, Warwick, Rhode Island.

4. Defendant, Jeffrey F. Caffrey, Esq., is a Rhode Island resident with a domicile located at 2 Green Meadow Drive, Warwick, Rhode Island.

## Jurisdiction and Venue

5. Subject matter jurisdiction is appropriate in this Court because this action involves a federal question.

6. This Court has personal jurisdiction over Sanford J. Resnick, Ltd. because it is a Rhode Island corporation.

7. This Court has personal jurisdiction over Sanford J. Resnick, Esq. because he is a Rhode Island resident.

8. This Court has personal jurisdiction over Jeffrey F. Caffrey, Esq. because he is a Rhode Island resident.

## Facts

9. At all relevant times, Sanford J. Resnick, Ltd. was an employer and an enterprise engaged in commerce - the general practice of law.

10. Sanford J. Resnick, Ltd. operates under the alias "Resnick & Caffrey."

11. Sanford J. Resnick, Esq. is an attorney-at-law licensed to practice law in the State of Rhode Island.

12. Jeffrey F. Caffrey, Esq. is an attorney-at-law licensed to practice law in the State of Rhode Island.

13. Upon information and belief, Attorney Resnick is a Member and Shareholder of Sanford J. Resnick, Ltd.

14. Upon information and belief, Attorney Caffrey is a Member and Shareholder of Sanford J. Resnick, Ltd.

15. Ms. Faria worked for Resnick & Caffrey as an administrative assistant in the Real Estate Department for approximately

ten (10) years - from on or about February 26, 1996 to on or about April 7, 2006.

16. Ms. Faria was responsible for inspecting real estate closing packages to ensure compliance with lenders' closing instructions.

17. Ms. Faria also cleaned the Resnick & Caffrey office every Tuesday and Sunday evenings.

18. Throughout Ms. Faria's employment, she worked routinely between fifty (50) to seventy (70) hours per week, but she was not paid any compensation in accordance with federal law for the hours she worked in excess of forty hours per week ("Overtime Hours").

**COUNT I**

**(Violation of 29 U.S.C. § 207(a)(1) ("Section 207(a)(1)"))**

19. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-18 of the within Complaint as though fully set forth herein.

20. Throughout Ms. Faria's employment, she worked routinely ten between (10) to thirty (30) Overtime Hours per week.

21. Defendants were required pursuant to Section 207(a)(1) to compensate Ms. Faria at one-and-one-half times her regular hourly rate for all Overtime Hours worked ("Overtime Compensation").

22. From February 26, 1996 to in or about November 2005, the Defendants failed and/or refused to compensate Ms. Faria any amount for her Overtime Hours.

23. At all relevant times, Ms. Faria was not employed in a bonafide administrative capacity and, hence, her performance of work is not exempt from the overtime provisions of the FLSA because Ms. Faria's work was not directly related to the management policies or general business operations of her employer.

24. At all relevant times, Ms. Faria was not employed in a bonafide administrative capacity and, hence, her performance of work is not exempt from the overtime provisions of the FLSA because Ms. Faria did not customarily and regularly exercise discretion and

independent judgment with respect to matters of significance during her employment.

25. At all relevant times, Defendants were aware that Ms. Faria's performance of work was not exempt from the overtime provisions of the FLSA and, therefore, the Defendant's misclassification of Ms. Faria performance of work into a bonafide administrative exemption was willful and not made in good faith.

26. The conduct as set forth above constitutes a violation of Section 207(a)(1).

27. As a direct and proximate result, Ms. Faria has sustained damages.

**COUNT II**
**(Award of Liquidated Damages Pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"))**

28. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-27 of the within Complaint as though fully set forth herein.

29. From February 26, 1996 to in or about November 2005, the Defendants failed and/or refused to pay Ms. Faria any Overtime Compensation.

30. The conduct as set forth above constitutes a violation of Section 207(a)(1).

31. Because the Defendants have violated Section 207(a)(1), Defendants are liable to Ms. Faria for liquidated damages pursuant to Section 216(b) in an amount equal to her unpaid Overtime Compensation.

**COUNT III**
**(Award of Attorneys' Fees and Costs Pursuant to Section 216(b))**

32. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-31 of the within Complaint as though fully set forth herein.

33. Because the Defendants have violated Section 207(a)(1), Defendants are liable to Ms. Faria for her reasonable attorneys' fees and costs of this action pursuant to Section 216(b).

WHEREFORE, Plaintiff, Cindy Faria, respectfully requests the following relief:

A. that this Court enter a judgment against Defendants, Sanford J. Resnick, Ltd., Sanford J. Resnick, Esq., and Jeffrey F. Caffrey, Esq. for Ms. Faria's unpaid Overtime Compensation in an amount to be determined;

B. that this Court award Ms. Faria liquidated damages in an amount equal to her unpaid Overtime Compensation;

C. that this Court award Ms. Faria her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

D. that this Court award Ms. Faria such other and further relief as it deems just.

Cindy Faria
By her attorney,

Mark P. Gagliardi (#6819)
420 Angell Street
3rd Floor
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

Mark P. Gagliardi (#6819)
420 Angell Street
3rd Floor
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)

Dated: June 14, 2006