UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CINDY FARIA
Plaintiff

vs. C.A. No. 06-285-T

SANFORD J. RESNICK, LTD.,
SANFORD J. RESNICK, ESQ., AND
JEFFREY F. CAFFREY, ESQ.
Defendants

## ANSWER OF DEFENDANTS

Defendants, Sanford J. Resnick, Ltd., Sanford J. Resnick, Esq., and Jeffrey F. Caffrey, Esq., hereby answer the allegations contained in the numbered paragraphs of the Complaint in this matter as follows:

### Parties

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

### Jurisdiction And Venue

5. The allegations contained in paragraph 5 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants admit the allegations contained in paragraph 8 of the Complaint.

**Facts**

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that plaintiff was employed by Resnick & Caffrey for approximately ten (10) years from on or about February 26, 1996 to on or about April 7, 2006. Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that plaintiff's duties and responsibilities included inspecting real estate closing packages to ensure compliance with lenders' closing instructions. Further answering, defendants state that plaintiff had other duties and responsibilities as an employee of Resnick & Caffrey, and that plaintiff was employed in a bona fide administrative capacity.

17. Defendants admit that plaintiff performed minimal cleaning services on a weekly basis at the offices of Resnick & Caffrey. Further answering, defendants state that plaintiff clearly and unequivocally provided those cleaning services as an independent contractor, for which she submitted bills to Resnick & Caffrey, and was compensated accordingly.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

<u>Count I</u>

19. Defendants reassert and restate their answers to the allegations contained in paragraphs 1 through 18, above.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint. Further answering, defendants state that plaintiff was employed in a bona fide administrative capacity and, therefore, was exempt from the overtime requirements of 29 U.S.C. §207 (a)(1) pursuant to the provisions of 29 U.S.C. §213.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint. Further answering, defendants state that plaintiff was employed in a bona fide administrative capacity and, therefore, was exempt from the overtime requirements of 29 U.S.C. §207 (a)(1) pursuant to the provisions of 29 U.S.C. §213.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

**Count II**

28. Defendants reassert and restate their answers to the allegations contained in paragraph 1 through 27, above.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint. Further answering, defendants state that plaintiff was employed in a bona fide administrative capacity and, therefore, was exempt from the overtime requirements of 29 U.S.C. §207 (a)(1) pursuant to the provisions of 29 U.S.C. §213.

30. The allegations contained in paragraph 30 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants deny the allegations contained in paragraph 31 of the Complaint.

**Count III**

32. Defendants reassert and restate their answers to the allegations contained in paragraphs 1 through 31, above.

33. The allegations contained in paragraph 33 of the Complaint are conclusions of law to which no answer is necessary. In the event, however, that defendants should be required to provide an answer to those allegations, defendants deny the allegations contained in paragraph 33 of the Complaint.

**Second Defense**

The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Third Defense**

Plaintiff, by her own acts, actions, conduct, and/or failure(s) to act, has waived any rights which she may have had to bring this action, pursue it, and/or to obtain the relief sought against defendants.

**Fourth Defense**

Plaintiff is estopped by her own acts, actions, conduct, and/or failure(s) to act from bringing this action, pursuing it, and/or obtaining the relief sought against defendants.

**Fifth Defense**

Plaintiff's claims against defendants are barred by the appropriate statute of limitations.

**Sixth Defense**

Plaintiff's claims against defendants are barred by the doctrine of laches.

**Seventh Defense**

Defendants assert that to the extent that they may have owed plaintiff any amount of money, they have made payment in full to plaintiff and, therefore, owe plaintiff nothing.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed with prejudice, or that judgment enter in favor of defendants, and that the Court award defendants their reasonable attorneys' fees, costs, and expenses incurred in defending against the Complaint.

Sanford J. Resnick, Ltd.,
Sanford J. Resnick, Esq., and
Jeffrey F. Caffrey, Esq.

By their Attorneys,

Stephen J. Reid, Jr.
Mary C. Dunn

Stephen J. Reid, Jr. #2811
Mary Cavanagh Dunn #6712
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: June 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2006, I caused a true copy of the foregoing Answer Of Defendants to be mailed to:

Mark P. Gagliardi, Esq.
420 Angell Street, 3rd Floor
Providence, RI 02906

Stephen J. Reid, Jr.