**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CINDY FARIA,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-285 ML |
| SANFORD J. RESNICK, LTD.,<br>SANFORD J. RESNICK, ESQ.<br>JEFFREY F. CAFFREY, ESQ., and<br>any and all defendants,<br>Defendants | : | |

**PLAINTIFF'S INITIAL SCHEDULING CONFERENCE MEMORANDUM**

Now comes Cindy Faria, the Plaintiff in the above-captioned matter, and through her attorney, sets forth this Initial Scheduling Conference Memorandum pursuant to Rule 16(a) of the Federal Rules of Civil Procedure.

## BACKGROUND

Ms. Faria is a fifty-six year old woman and a native of the Azores, Portugal. On or about February 22, 1996, Ms. Faria began working for the Defendants as a real estate assistant. Ms. Faria's job duties included: downloading and printing closing packages, inspecting closing packages for compliance with lenders' closing instructions, completing title insurance

policies, copying closing packages for mortgage brokers, faxing funding documents to lenders, drafting disbursement letters, sending out Federal Express packages, and cleaning the defendants' office two nights a week.

Ms. Faria was an employee in good standing who worked fifty to seventy hours per week routinely without receiving any overtime pay. During Ms. Faria's entire ten years of employment, the Defendants never compensated Ms. Faria for overtime hours worked in accordance with federal law.[1]

In March 2006, the Defendants gave every real estate employee, except Ms. Faria, raises in their hourly wages. Ms. Faria discovered that she was the only employee who did not receive a raise even though she had the second most seniority of any real estate employee.

Ms. Faria believed that she was the victim of discrimination based on the fact that she was the only employee who is a native of a foreign country and who did not receive a raise. Moreover, Ms. Faria realized that she was the lowest

[1] Beginning in or about November 2005, the Defendants switched Ms. Faria's pay structure from salary to hourly, and it compensated her going forward for time and one half for all hours worked in excess of forty hours per week. However, this change only occurred after Ms. Faria complained several times to her employer about its unlawful employment practice. Furthermore, Ms. Faria was not compensated for any back overtime pay.

paid real estate employee. Accordingly, on April 7, 2006, Ms. Faria tendered her resignation.

On June 13, 2006, Ms. Faria filed a Charge of Discrimination in the Rhode Island Commission for Human Rights (RICHR NO. 06 EAO 322; EEOC NO. 16JA-2006-01351) against the Defendants claiming disparate treatment and unequal pay based on her national origin in violation of state and federal law.

On June 14, 2006, Ms. Faria filed a Complaint against the Defendants in this Court for violation of *The Fair Labor Standards Act of 1938, as Amended* (the "FLSA"), 29 U.S.C. § 201 *et seq.*

## ARGUMENT

### I. Standard of Law

### A. The Fair Labor Standards Act of 1938, 29 U.S.C. § 201

#### 1. Section 207(a)(1): Overtime Compensation

Section 207(a)(1) of the FSLA states, in pertinent part:

> . . . no employer shall employ any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2006).

Section 213(a) of the FLSA provides for bonafide exemptions as defined Section 541.2 of Title 29 of the Code of Federal Regulations where an employee's performance of work is exempt from the overtime provisions of the FLSA under certain circumstances and employers are not required to pay overtime to that particular employee under those circumstances.[2]

---

[2] The term employee employed in a bona fide administrative capacity in section 13(a)(1) of the Act shall mean any employee:

> (a) Whose primary duty consists of either:
>
> (1) The performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or
>
> (2) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and
>
> (b) Who customarily and regularly exercises discretion and independent judgment; and
>
> (c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or
>
> (2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or
>
> (3) Who executes under only general supervision special assignments and tasks; and
>
> (d) Who does not devote more than 20 percent . . . of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section . . .

29 C.F.R. 541.2 (2006).

**2. Section 216(b): Liquidated Damages**

Section 216 of the FLSA ("Section 216"), provides for substantial penalties for violations of its provisions. Section 216(b) states: "Any employer who violates the provisions of section 206 [minimum wage] or section 207 [overtime] shall be liable to the employee or employees affected in the amount of the unpaid overtime compensation, and in additional amount as liquidated damages." 29 U.S.C. § 216(b) (2006).

## II. Discussion

Ms. Faria was not employed under a bonafide administrative capacity because: (1) Ms. Faria's work performance was not "directly related to management policies or general business operations" of the Defendants or its customers; and (2) Ms. Faria did not "customarily and regularly exercise discretion and independent judgment with respect to matters of consequence" during her job. Therefore, Section 207(a)(1) required the Defendants to compensate Ms. Faria for her overtime hours worked at one and one-half times her regular rate. Furthermore, Section 216(b) requires the Defendants to compensate Ms. Faria for an additional amount equal to her overtime pay as liquidated damages.

**A. <u>Ms. Faria's work performance was not directly related to management policies or general business operations of the Defendants or its customers.</u>**

Section 541.205(2) of Title 29 of the Code of Federal Regulations ("Section 541.205(2)") interprets the overtime provisions of the FSLA and states, in pertinent part: "An employee performing <u>routine clerical duties</u> obviously is not performing work of substantial importance to the management or operation of the business even though he may exercise some measure of discretion and judgment as to the manner in which he performs his clerical tasks." 29 CFR § 541.205(2)(2006) (emphasis added).

It is clear that while Ms. Faria was employed by the Defendants, the work she performed - downloading and printing closing packages, inspecting closing packages for compliance with lenders' closing instructions, completing title insurance policies, copying closing packages for mortgage brokers, faxing funding documents to lenders, drafting disbursement letters for payoffs, and sending out Federal Express packages - falls under the category of "routine clerical duties" under Section 541.205(2).

**B. Ms. Faria did not customarily and regularly exercise discretion and independent judgment with respect to matters of consequence during her job.**

Section 541.207(1) of Title 29 of the Code of Federal Regulations states, in pertinent part, that:

> An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment . . .

CFR § 541.207(1)(2006) (emphasis added).

One of Ms. Faria's primary job duties was inspecting closing packages for compliance with lenders' closing instructions. Put simply, Ms. Faria was responsible for determining whether the lenders' specified standards were met. For example, if a closing document omitted a borrower's signature or if a zip code was incorrect, Ms. Faria would inform one of her co-workers, who would then take the appropriate corrective action. As such, Ms. Faria merely followed established policies in determining whether the specified standards were met; she did not use discretion and independent judgment in the performance of this task as defined by Section 541.207(1).

## CONCLUSION

Ms. Faria was not employed under a bonafide administrative capacity and, therefore, Section 207(a)(1) required the Defendants to compensate Ms. Faria for the appropriate overtime pay. Additionally, the Defendants are liable to Ms. Faria for liquidated damages in an equal amount to her back overtime pay, which are mandatory under Section 216(b) and not subject to a court's discretion.

Cindy Faria
By her attorney,

/s/Mark P. Gagliardi (#6819)
420 Angell Street
3rd Floor
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mgagliardi@verizon.net (e-mail)

## CERTIFICATION

I hereby certify that on this 22nd day of August, 2006, I electronically filed this Memorandum with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

**Stephen J, Reid, Jr.**
**Mary Cavanagh Dunn**
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

/s/Mark P. Gagliardi