**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CINDY FARIA,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-285-S |
| SANFORD J. RESNICK, LTD.,<br>SANFORD J. RESNICK, ESQ.<br>JEFFREY F. CAFFREY, ESQ., and<br>any and all defendants,<br>Defendants | : | |

**AMENDED COMPLAINT**

This is a claim by Plaintiff, Cindy Faria, against her former employers, Sanford J. Resnick, Ltd., Sanford J. Resnick, Esq., and Jeffrey F. Caffrey, Esq., for unpaid overtime wages pursuant to *The Fair Labor Standards Act of 1938, as Amended* (the "FLSA"), 29 U.S.C. § 201 *et seq.* and for discrimination based on her ethnic background and/or national origin pursuant to the *Rhode Island Fair Employment Practices Act*, R.I. Gen. Laws § 28-5-1 *et. seq., as Amended* and the *Rhode Island Civil Rights Act of 1990*, R.I.G.L. § 42-112-1 *et. seq.*

**The Parties**

1. Plaintiff, Cindy Faria, is a Rhode Island resident with a domicile located at 26 Bunker Street, Warwick, Rhode Island.

2. Defendant, Sanford J. Resnick, Ltd., is a corporation organized under the laws of the State of Rhode Island.

3. Defendant, Sanford J. Resnick, Esq., is a Rhode Island resident with a domicile located at 259 Love Lane, Warwick, Rhode Island.

4. Defendant, Jeffrey F. Caffrey, Esq., is a Rhode Island resident with a domicile located at 2 Green Meadow Drive, Warwick, Rhode Island.

**Jurisdiction and Venue**

5. Subject matter jurisdiction is appropriate in this Court because this action involves a federal question.

6. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from the same case and controversy as Plaintiff's claims for violations of *The Fair Labor Standards Act of 1938, as Amended* (the "FLSA"), 29 U.S.C. § 201 *et seq.*, upon which the original Complaint was based.

7. This Court has personal jurisdiction over Sanford J. Resnick, Ltd. because it is a Rhode Island corporation.

8. This Court has personal jurisdiction over Sanford J. Resnick, Esq. because he is a Rhode Island resident.

9. This Court has personal jurisdiction over Jeffrey F. Caffrey, Esq. because he is a Rhode Island resident.

## **Facts**

10. At all relevant times, Sanford J. Resnick, Ltd. was an employer and an enterprise engaged in commerce - the general practice of law.

11. Sanford J. Resnick, Ltd. operates under the alias "Resnick & Caffrey."

12. Sanford J. Resnick, Esq. is an attorney-at-law licensed to practice law in the State of Rhode Island.

13. Jeffrey F. Caffrey, Esq. is an attorney-at-law licensed to practice law in the State of Rhode Island.

14. Upon information and belief, Attorney Resnick is a Member and Shareholder of Sanford J. Resnick, Ltd.

15. Upon information and belief, Attorney Caffrey is a Member and Shareholder of Sanford J. Resnick, Ltd.

16. Ms. Faria is a native of the Azores, Portugal, who speaks English fluently, but with a strong accent.

17. Ms. Faria worked for the Defendants as an administrative assistant in the Real Estate Department for approximately ten (10) years - from on or about February 26, 1996 to on or about April 7, 2006.

18. Mr. Faria worked in "post-closing" where she was responsible, *inter alia*, for inspecting real estate closing packages to ensure compliance with lenders' closing instructions, disclosing compliance issues to the closing department, and forwarding original loan documents to lenders.

19. Ms. Faria also cleaned the Defendants' office every Tuesday and Sunday evenings.

20. During Ms. Faria's employment, she was the only eligible employee in the Real Estate Department who was not paid overtime pay for hours worked in excess of forty hours per week despite the fact that she worked routinely between fifty (50) to seventy (70) hours per week.

21. In or about March 2006, every employee in the Real Estate Department, except for Ms. Faria, received raises in their hourly wages.

22. Upon information and belief, Ms. Faria was the only employee in the Real Estate Department who is a native of a foreign country and who did not receive a raise in her hourly wage.

23. In or about March 2006, Ms. Faria discovered that she was one of the lowest paid employees in the Real Estate Department even though she had attained the second most seniority of any employee there.

24. On or about April 7, 2006, Ms. Faria tendered to the Defendants her resignation.

25. On or about June 16, 2006, Ms. Faria filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") claiming discrimination based on her ethnic background and/or national origin.

26. On or about June 16, 2006, Ms. Faria filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on her ethnic background and/or national origin.

27. On November 2, 2006, Ms. Faria requested from the EEOC a "Notice of Right to Sue" letter pursuant to 29 C.F.R. § 1601.28 (2003).

28. On November 2, 2006, Ms. Faria requested from the RICHR a "Notice of Right to Sue" letter pursuant to R.I. Gen. Laws § 28-5-24.1(a).

29. On January 8, 2007, RICHR and the EEOC issued Ms. Faria a Notice of Right to Sue Letter, a copy of which is attached hereto as Exhibit "A."

**COUNT I**

**(Violation of 29 U.S.C. § 207(a)(1) ("Section 207(a)(1)"))**

30. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-29 of the within Amended Complaint as though fully set forth herein.

31. Throughout Ms. Faria's employment, she worked routinely between ten (10) to thirty (30) Overtime Hours per week.

32. Defendants were required pursuant to Section 207(a)(1) to compensate Ms. Faria at one-and-one-half times her regular hourly rate for all Overtime Hours worked ("Overtime Compensation").

33. From February 26, 1996 to in or about November 2005, the Defendants failed and/or refused to compensate Ms. Faria <u>any amount</u> for her Overtime Hours.

34. At all relevant times, Ms. Faria was not employed in a bonafide administrative capacity and, hence, her performance of work is not exempt from the overtime provisions of the FLSA because Ms. Faria's work was not directly related to the management policies or general business operations of her employer.

35. At all relevant times, Ms. Faria was not employed in a bonafide administrative capacity and, hence, her performance of work is not exempt from the overtime provisions of the FLSA because Ms. Faria did not customarily and regularly exercise discretion and independent judgment with respect to matters of significance during her employment.

36. At all relevant times, Defendants were aware that Ms. Faria's performance of work was not exempt from the overtime provisions of the FLSA and, therefore, the Defendant's misclassification of Ms. Faria performance of work into a bonafide administrative exemption was willful and not made in good faith.

37. The conduct as set forth above constitutes a violation of Section 207(a)(1).

38. As a direct and proximate result, Ms. Faria has sustained damages.

**COUNT II**
**(Award of Liquidated Damages Pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"))**

39. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-38 of the within Amended Complaint as though fully set forth herein.

40. From February 26, 1996 to in or about November 2005, the Defendants failed and/or refused to pay Ms. Faria any Overtime Compensation.

41. The conduct as set forth above constitutes a violation of Section 207(a)(1).

42. Because the Defendants have violated Section 207(a)(1), Defendants are liable to Ms. Faria for liquidated damages pursuant to Section 216(b) in an amount equal to her unpaid Overtime Compensation.

**COUNT III**
**(Award of Attorneys' Fees and Costs Pursuant to Section 216(b))**

43. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-42 of the within Amended Complaint as though fully set forth herein.

44. Because the Defendants have violated Section 207(a)(1), Defendants are liable to Ms. Faria for her reasonable attorneys' fees and costs of this action pursuant to Section 216(b).

**COUNT IV**
**(Violation of Rhode Island Fair Employment Practices Act – Discrimination)**

45. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-44 of the within Amended Complaint as though fully set forth herein.

46. By the foregoing acts and omissions, the Defendants have maliciously and callously violated the *Rhode Island Fair Employment Practices Act*, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended, by discriminating against Ms. Faria with respect to the terms, conditions, and privileges of employment, based on her ethnic background and/or national origin.

47. Ms. Faria has been harmed thereby.

**COUNT V**
**(Rhode Island Civil Rights Act of 1990)**

48. Plaintiff, Ms. Faria, hereby restates and incorporates by reference paragraphs 1-47 of the within Amended Complaint as though fully set forth herein.

49. By its conduct described herein, the Defendants impermissibly interfered with Ms. Faria's right to make, perform, modify and terminate contractual and/or employment relationships and her enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in disparate treatment based on her ethnic background and/or national origin.

50. By its conduct described herein, the Defendant violated the *Rhode Island Civil Rights Act of 1990*, R. I. G. L. § 42-112-1 *et. seq.*

51. Ms. Faria has been harmed thereby.

WHEREFORE, Plaintiff, Cindy Faria, respectfully requests the following relief:

A. that this Court enter a judgment against Defendants, Sanford J. Resnick, Ltd., Sanford J. Resnick, Esq., and Jeffrey F. Caffrey, Esq. for Ms. Faria's unpaid Overtime Compensation in an amount to be determined;

B. that this Court award Ms. Faria liquidated damages in an amount equal to her unpaid Overtime Compensation;

C. that this Court award Ms. Faria her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); R.I. Gen. Laws § 28-5-24.1; and R.I. Gen. Laws § 42-112-3;

D. that this Court permanently enjoin the Defendants from violating the *Rhode Island Fair Employment Practices Act*, R.I. Gen. Laws § 28-5-1 *et. seq.*, as amended; and the *Rhode Island Civil Rights Act of 1990*, R.I. Gen. Laws § 42-112-1 *et. seq.*;

E. that this Court award Ms. Faria compensatory damages for her loss of wages and benefits;

F. that this Court award Ms. Faria pain and suffering damages;

G. that this Court award Ms. Faria punitive damages, pursuant to R.I. Gen. Laws § 28-5-29.1, in an amount sufficient to punish the Defendants and to deter such unlawful actions in the future;

H. that this Court award Ms. Faria costs pertaining to the within litigation, pursuant to R.I. Gen. Laws § 28-5-24.1; and R.I. Gen. Laws § 42-112-3;

I. that this Court award Ms. Faria prejudgment interest at twelve (12) percent per annum pursuant to R.I. Gen. Laws § 9-21-10; and

J. that this Court award Ms. Faria such other and further relief as this Court deems just and proper.

Cindy Faria
By Her Attorney,

/s/ Mark P. Gagliardi (#6819)
111 Wayland Avenue
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mgagliardi@verizon.net (e-mail)

**CERTIFICATION**

I hereby certify that on this **12th** day of **January**, 20**07**, I electronically filed this Amended Complaint with the Clerk of the U.S. District Court for the District of Rhode Island. The following counsels of record have received notice electronically:

**Stephen J, Reid, Jr.**
**Mary Cavanagh Dunn**
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

/s/Mark P. Gagliardi

# Exhibit "A"

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 06 EAO 322 EEOC NO. 16J-2007-01351

In the matter of

Cindy Faria
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Sanford J. Resnick, Ltd.
Sanford J. Resnick, Jeffrey F. Caffrey, any and all Defendants
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

1/8/07
Date

Michael D. Évora
Executive Director

*************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Mark Gagliardi, Esq.
Stephen Reid, Esq
Sanford Resnick,
Jeffrey Caffrey